UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

WAYNE LAMARR HARVEY,

        Plaintiff,

v.

HEIDI WASHINGTON et al.,

        Defendants.

_____/

Case No. 2:18-cv-67

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Washington, Scott, Lamb, Horton, Collard, Huss, Tasser, Hill, Moore, Niemisto, Papendec, Borgerdine, Montgomery, Texter, and Corizon Medical Services. The Court will serve the complaint against Defendants Glusing, James, LaForest, and Kimsel.

**Discussion**

I.       **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues MDOC Director Heidi Washington, Gabe Glusing, R.N., Brenda James, R.N., Christa LaForest, R.N., John Kimsel, R.N., Medical Supervisor Charles Scott, Medical Supervisor Patricia Lamb, Regional Medical Coordinator Shelly Horton, Duane Waters Health Clinic Bed Coordinator Maxine Collard, Deputy Warden Erica Huss, Inspector Unknown Tasser, L. Hill, R.N., Unknown Moore, R.N., Inspector Unknown Niemisto, Dr. Unknown Papendec, Dr. W. Borgerdine, Shannon Montgomery, R.N., Unknown Texter, L.P.N., and Corizon Medical Services.

Plaintiff alleges that he is a paraplegic and quadraparetic, with "upper body ability and blindness," and is susceptible to blood clotting and aneurysms. Plaintiff was transferred to MBP for medical treatment and is bedridden and physically vulnerable. On February 19, 2014, Defendant James told Plaintiff that he had gone down "the wrong road" in response to Plaintiff's questions regarding the manner in which she was administering his treatment for blood clots. On February 27, 2014, Defendant James assaulted Plaintiff by striking him with folded documents. On March 19, 2014, Defendant James threw documents at Plaintiff, which struck him on the legs. Plaintiff sent a letter of complaint to Defendant Washington and the Warden on April 1, 2014, but no action was taken to protect Plaintiff.

On another occasion, Defendant Glusing repeatedly pulled on a tube attached to Plaintiff's penis, causing Plaintiff to scream and object that Defendant Glusing was hurting him.

Defendant Glusing refused to stop until Plaintiff called for the unit officer, at which point Defendant Glusing ran from the room. Plaintiff filed a complaint, but Defendant Niemisto lied to cover up Defendant Glusing's misconduct. On November 14, 2015, Plaintiff requested a protection order to prevent Defendants James and Glusing from having any physical contact with Plaintiff. Plaintiff also requested an investigation into the assaultive behavior of Defendants James and Glusing toward Plaintiff. Plaintiff's requests were ignored by the Warden's office, as well as by Defendants Scott, Hill, Lamb, and Kimsel, who told Plaintiff that he had no interest in protecting Plaintiff from abuse by Defendant Glusing.

In July of 2016, Defendant James placed Defendant Glusing in the infirmary area on days that Nurse Hedlund indicated Plaintiff would likely need assistance using the bed pan to have a bowel movement. Plaintiff states that Nurse Hedlund deliberately traded job assignments with Defendant Glusing, knowing that Plaintiff would not accept help from Defendant Glusing, which would force Plaintiff to have a bowel movement in his bed. Plaintiff asserts that he was kept at MBP for an extended time through the efforts of Defendants James and Collard. Plaintiff alleges that on a number of occasions, Defendant LaForest asked Plaintiff if she could fondle his penis and pressed her "pubic mound" against the bottom of Plaintiff's foot. Defendant LaForest approached Plaintiff while clearly intoxicated and attempted to fondle him. Finally, Plaintiff claims that Defendant Glusing was responsible for dropping Plaintiff on the floor, which caused a substantial injury to Plaintiff's neck, necessitating emergency surgery on his neck.

Plaintiff appears to be claiming that his treatment while at MBP violates his rights under the Eighth Amendment. Plaintiff seeks injunctive relief and damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

4

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Washington, Scott, Lamb, Horton, Collard, Huss, Tasser, Hill, Moore, Niemisto, Papendec, Borgerdine, Montgomery, Texter, and Corizon Medical Services, other than his claim that some of these defendants failed to conduct an investigation in response to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Washington, Scott, Lamb, Horton, Collard, Huss, Tasser, Hill, Moore, Niemisto, Papendec, Borgerdine, Montgomery, Texter, and Corizon Medical Services engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

The Court notes that Plaintiff's claims against Defendants Glusing, James, LaForest, and Kimsel are not clearly frivolous. Therefore, Defendants Glusing, James, LaForest, and Kimsel may not be dismissed on initial review.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Washington, Scott, Lamb, Horton, Collard, Huss, Tasser, Hill, Moore, Niemisto, Papendec, Borgerdine, Montgomery, Texter, and Corizon Medical Services will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Glusing, James, LaForest, and Kimsel.

An Order consistent with this Opinion will be entered.

Dated: September 10, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE